Jefferson v. Litchfield.

## THE INHABITANTS OF JEFFERSON v. THE INHABITANTS OF LITCHFIELD.

An *alien*, resident in a plantation at the time of its incorporation, gains no settlement thereby; that method of gaining a settlement being limited to citizens of this or some other of the United States.

A wife gains no settlement, during the coverture, where the husband gains none.

*Assumpsit* for the support of *Abigail Mowry* and her infant illegitimate child. In a case made by the parties for the opinion of the Court, it appeared that *Philip Mowry*, the father of the pauper, was an *alien*,—that he was married in *Topsham* in this county to one *Polly Hunter* whose legal settlement was then in *Topsham*, and by whom he had *Abigail*, the pauper,—that he resided, with his wife and daughter, in *Litchfield* in 1795 at the time of its incorporation,—and that he was never naturalized in this country.

*Bailey*, for the plaintiffs.

Whatever may be the construction of the statute on this subject, as to the father, yet the wife residing in *Litchfield*, gained a settlement by its incorporation, and the child, derivatively, from her. The language of the Court in *Bath v. Bowdoin*, 4 *Mass.* 452. is " *every one* then inhabiting there ;"—and it is equally strong in *Buckfield v. Gorham*, 6 *Mass.* 446.

*Allen*, for the defendants.

*Mowry*, the father, not being a citizen of the United States, could not be a citizen of any town therein, and therefore could gain no settlement; the *Stat.* 1793. *ch.* 34. being limited to *citizens* only. *Boston v. Charlestown*, 13 *Mass.* 469.

The persons who gain a settlement by residence in a plantation at the time of its incorporation into a town, must, by a reasonable construction of the statute, be such as have power to elect their place of residence ; which a *feme covert* and minor children have not. *Watertown v. Shirley*, 3 *Mass.* 323. *Somerset v. Dighton*, 12 *Mass.* 385.

MELLEN C. J. delivered the opinion of the Court as follows.

It is admitted that the pauper's father never gained a settlement in *Litchfield*, unless by his residence there at the time of

its incorporation in the year 1795. It is very clear that this could not give him a settlement, he being an alien; for in the *ninth* mode of gaining a settlement, prescribed in *Stat.* 1793. *ch.* 34. aliens are, by necessary implication, excepted. With respect to the wife, who was residing with him in *Litchfield* in 1795, it is equally clear that she could not gain a settlement by such residence ; because a wife cannot gain or have a settlement distinct and separate from her husband, as was settled in *Watertown v. Shirley*, 3 *Mass.* 323.

We have examined this question particularly in the case of *Hallowell v. Gardiner*, in which the plaintiffs relied on several grounds ; one of which was that the grandmother of the pauper gained a settlement in *Gardiner*, by residence in that part of *Pittston* which is now *Gardiner*, at the time of its incorporation ; she then being a married woman and living with her husband. We there decided that she gained no settlement by such residence.

Since the argument of this cause we have been furnished by the Reporter, with a copy of the case of *Newry v. Bethel*, decided in the county of *Cumberland* in 1817, but not reported. The facts were these. The pauper was originally an inhabitant of *Bethel.* Previous to the incorporation of *Newry* she was married to one *Burk*, an alien, not naturalized ; after which they removed to the place which is now *Newry*, and there resided at the time of its incorporation, and until the commencement of the action, at which time *Burk* was supported as a State-pauper. On these facts the Court decided that *Burk*, being an alien, could gain no settlement ; that his wife's settlement in *Bethel* was not lost or suspended by the marriage ;—and that she gained none by her residence in *Newry* with her husband at the time of its incorporation. This case is precisely in point, and leaves the case before us without a question.

*Plaintiffs Nonsuit.*